John M. BETHEL and United Dairy,
Inc., Plaintiffs,

v.

Bryan CRITES: Agate Elevator Agricultural Co-Operative; Donald Carpenter:
and Glenn Gullett Trucking Company,
Defendants.

Civ. A. 81–1137.

United States District Court,
W.D. Pennsylvania.

Nov. 5, 1984.

Joseph Bagley, Pittsburgh, Pa., for plaintiffs.

James David Elder, Kenneth S. Robb,
Richard L. Rosenzweig, Thomas M. Mulroy, Pittsburgh, Pa., for defendants.

### MEMORANDUM OPINION

ZIEGLER, District Judge.

Pending before the court is the motion of plaintiffs "to set aside joint tortfeasors releases to Donald Carpenter and Bryan Crites." Plaintiffs contend that the releases, dated January 29, 1983, should be set aside due to fraud and mutual mistake. Since the record is devoid of evidence of fraud or mutual mistake, the motion will be denied.

This case is a vivid example of the pitfalls of joint tortfeasors releases. Indeed, there is an adage of trial practice that a plaintiff should never release a tortfeasor unless that party has paid the full value of the claim. Plaintiffs executed the releases and gambled that the jury would find that Bryan Crites was a servant of Agate Elevator Agricultural Co-operative. Plaintiffs lost.

The facts are as follows. On January 29, 1983, plaintiffs executed joint tortfeasor releases for the payment of $69,500.00. The releases recite that plaintiff, United Dairy, Inc., was paid $13,200.99 for property damage. The releases further recite that plaintiff, John M. Bethel, was paid $56,299.01 for personal injuries. In sum, plaintiffs released all defendants in this case except Agate Elevator Co-operative and Bryan Crites, as its agent, servant or employee.

The case proceeded to a bi-furcated trial and the jury found in answer to special

interrogatories that (a) Crites was not an agent, servant or employee of Agate Elevator; (b) Agate's placards were not on the vehicle at the time of the accident; and (c) Crites was a servant of Glenn Gullett Trucking Company and Donald Carpenter. Since plaintiffs had released Glenn Gullette, Carpenter and Crites, as their agent, servant and employee, prior to trial "from all claims, damages, actions and suits of whatsoever kind," and because the jury found that Agate Elevator was not a master of Crites, and because the verdict had resolved all remaining issues, the court molded the verdict and entered judgment on July 19, 1984. *See* WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE: Civil 2510.

## II.

Plaintiffs contend that this court should set aside the joint tortfeasor releases because "[p]laintiffs were prejudiced by the fraud, deceit and perjury of Donald Carpenter and Bryan Crites, as found by the Jury, as they relied on the truthfulness of the deposition testimony of Donald Carpenter and Bryan Crites at the time of the signing of the Joint Tortfeasors Releases." *See* plaintiffs' motion at ¶ 13. We begin by noting that plaintiffs failed to raise this issue in their motion for new trial. The Court of Appeals has held that a district court is without jurisdiction to address an issue which is not raised in a timely post-trial motion. *Arkwright Mutual Ins. Co. v. Phila. Elect. Co.*, 427 F.2d 1273, 1275–1276 (3d Cir.1970). Thus, we have reservations whether we have jurisdiction. However, we do have jurisdiction under Rule 60(b) to alter or amend the judgment due to fraud or mistake, and therefore we will address plaintiffs' motion on the merits.

■ We hold that plaintiffs' motion is without merit. Fraud is defined as (1) a specific false representation of material facts; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) the plaintiff acted upon it to his damage. *Christidis v. First Penna. Mrtg. Trust*, 717 F.2d 96, 99 (3d Cir.1983); RESTATEMENT (SECOND) OF CONTRACTS § 162 (1979).

■ Donald Carpenter testified at trial that a placard of Agate Elevator was on the vehicle when he arrived at the site of the accident. His testimony at trial was consistent with his testimony at a pre-trial deposition. Bryan Crites was deposed on the same issue and his deposition was introduced by plaintiffs as evidence. Hence, neither Carpenter nor Crites represented any fact at trial that was distinct from their recitation of the facts when plaintiffs executed the joint tortfeasor releases. Plaintiffs' disappointment in the rejection of the testimony of these witnesses by the jury does not establish that Carpenter or Crites falsely represented any fact. If anything, their evidence was entirely consistent with the facts known to plaintiffs prior to trial and plaintiffs have no basis to assert that they relied on or "were prejudiced by the fraud, deceit and perjury of Donald Carpenter and Bryan Crites."

Plaintiffs' argument that the findings of the jury establish fraud or perjury requires little discussion. First, the jury's finding does not establish that these witnesses committed perjury. It means only that the jury did not believe their testimony. Second, as rehearsed, Carpenter and Crites testified precisely as they did prior to trial. There were no misrepresentations. And third, plaintiffs executed the releases with knowledge that Carpenter and Crites would support their theory of agency, and also with knowledge that Agate Elevator had photographs, and other evidence which directly contradicted plaintiffs' evidence. Hence plaintiffs can not claim that they detrimently relied on the depositions of these witnesses when the releases were executed because they knew that the question of agency was hotly contested. In short, we hold that plaintiffs have failed to allege or prove intrinsic or extrinsic fraud, misrepresentation, or misconduct of an adverse party which would authorize the relief sought by plaintiffs.

Plaintiffs' argument of mutual mistake is also without merit. The only mistake in this case was plaintiffs' decision to settle prior to trial and proceed to judgment against Agate Elevator. If plaintiffs were dissatisfied with the offer of settlement of the released defendants, the offer should have been rejected. Instead, plaintiffs, who were represented by an experienced lawyer, determined to release certain defendants for the payment of $69,500. Clearly, the mistake, if any, was unilateral, and with full knowledge of the facts known to all counsel at the time. *See* RESTATEMENT (SECOND) OF CONTRACTS § 154 (1979).

The Uniform Contribution Among Tortfeasors Act, 42 Pa.C.S.A. § 8326, also undermines plaintiffs' argument of mistake. Section 4 provides that "[a] release by the injured person of one joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasor *unless the release so provides* ...." Here, plaintiffs negotiated agreements that released Donald Carpenter and Bryan Crites as his agent, servant and employee. Since the releases "so provide," the intent of plaintiffs is clear. *Hasselrode v. Gnagey*, 404 Pa. 549, 172 A.2d 764 (1961). Their complaint of mistake must be rejected.

Plaintiffs' final argument that we should proceed to judgment against Donald Carpenter, determine damages, and credit Carpenter with "his share of the verdict of $9,933" is without merit. *See* plaintiffs' motion at ¶ 16. First, Donald Carpenter has not filed a post-trial motion and thus he appears content with the judgment. Second, the release insulates Carpenter from all further liability to plaintiffs. Third, the issue of damages was not submitted to the jury because the jury's resolution of the agency question resolved all pending questions. Fourth, the judgment of July 19, 1984 resolves the cross-claim of Agate Elevator against Donald Carpenter. And, fifth, plaintiffs have no standing to advance the cause of Carpenter, and this court has no reason to determine damages because plaintiffs have been paid by Carpenter, and the remaining tortfeasors as required by the releases.

In summary, plaintiffs' claim of fraud and mistake is an attempt to extricate themselves from a situation that they have created. Apparently, they are dissatisfied with the settlement of $69,500, or the finding of the jury, or both. As we noted in our opinion of October 1, 1984, the finding of the jury is supported by competent evidence, and there is no justification to set aside the releases. Plaintiffs gambled and lost, and the bargain they struck is neither unconscionable nor unjust.

The motion of plaintiffs to set aside the releases will be denied.